UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DENISE BOOKER
      Plaintiff,

vs.                                  CASE NO.:

ST. VINCENT DE PAUL
GEORGIA,
      Defendant.
_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

      Plaintiff, Denise Booker, ("Plaintiff"), sues Defendant, St. Vincent de Paul Georgia, ("Defendant"), and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. 216(b) (the "FLSA"). Plaintiff alleges:

## INTRODUCTION

1. Plaintiff, Denise Booker, was a Sales Manager from 2008 through 2016, and performed related activities for Defendant St. Vincent de Paul Georgia in DeKalb County, Georgia.

2. Defendant, St. Vincent de Paul Georgia, is a Georgia company that operates and conducts business in, among others, DeKalb County, Georgia, and is therefore within the jurisdiction of this Court.

3. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

4. This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

## VENUE

5. The venue of this Court over this controversy is proper based upon the claim arising in Fulton County, Georgia.

## PARTIES

6. Plaintiff was a salaried general manager who worked for Defendants in DeKalb County from 2008-2016.

7. At all material times relevant to this action (2013-2016), Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. §§203(r) and 203(s).

8. At all material times relevant to this action (2013-2016), Defendant made gross earnings of at least $500,000.00 annually.

9. At all material times relevant to this action (2013-2016), Defendant employed at least two employees who handled goods such as products for sale that previously moved through commerce.

10. At all times relevant to this action (2013-2015), Plaintiff was individually engaged in commerce during her employment with Defendant by working with products and goods for sale from out of state.

## COVERAGE

11. From at least September 2015 through April 2016, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

## FACTUAL ALLEGATIONS

12.     Plaintiff, Denise Booker, was a non-exempt Sales Manager from 2008 through 2016, and performed related activities for Defendant St. Vincent de Paul Georgia in DeKalb County, Georgia.

13.     Defendants agreed to pay Plaintiff wages for work performed by Plaintiff.  Plaintiff accepted this agreement and did work for Defendants.

14.     Plaintiff earned a salary of $625 a week.

15.     During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) within a work week during one or more weeks of employment.

16.     Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody and control of the Defendant.

## COUNT I- RECOVERY OF OVERTIME COMPENSATION

17.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-16 above.

18.     Plaintiff was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

19.     From at least September 2015 through January 2016, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

20.     As a result of Defendant's intentional, willful, reckless, and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees

and costs.

21. Specifically, Defendant was aware that Plaintiff performed non-exempt job duties, but still refused to pay Plaintiff overtime hours for hours worked over forty (40).

22. In addition, Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

23. Also, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

24. As a result of Defendant's willful and reckless violation of the FLSA, Plaintiff is entitled to liquidated damages.

## COUNT II- RETALIATION PROHIBITED BY THE FLSA

25. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-16 above.

26. During her employment with Defendant, Plaintiff complained to her employer regarding the overtime she was forced to work without pay.

27. Specifically, Plaintiff informed her employer that she could not meet his demands for her to work 6 days a week, from 10AM to 6PM, without any overtime compensation.

28. In response, Defendant terminated Plaintiff, on or about April 12, 2016.

29. The FLSA prohibits employers from retaliating against employees who assert their rights under the statute. See 29 U.S.C. § 215(a)(3).

30. The termination of Plaintiff's employment was retaliation as defined and prohibited under the FLSA, and Plaintiff suffered damages due to the Defendant's unlawful action.  29 U.S.C. § 215(a)(3).

31. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

Dated this <u>11th</u> day of November 2016.

<u>**/s/ ADIAN R. MILLER**</u>
Adian Miller, Esq.
GA Bar No. 794647
Morgan & Morgan, P.A.
191 Peachtree Street NE
Suite 4200
Atlanta, GA 30312
Telephone: (404) 496-7332
Facsimile: (404) 496-7428
Email: ARMiller@forthepeople.com
Attorney for Plaintiff