IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DENISE BOOKER<br>      Plaintiff,<br><br>vs.<br><br>ST. VINCENT DE PAUL GEORGIA,<br>      Defendant. | Civil Action File<br>No. 1:16-CV-04225-TWT |

### JOINT MOTION TO APPROVE FLSA SETTLEMENT

Plaintiff Denise Booker and Defendant Society of St. Vincent de Paul Georgia, Inc., by and through counsel, respectfully jointly request that this Court approve the Parties' settlement of the above captioned matter. Because Plaintiff's action and claims arise under the Fair Labor Standards Act ("FLSA"), the Parties' settlement must be approved by this Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores*, 679 F.2d at 1353. Second, in the context of a private lawsuit brought by an

employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also D. A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S Ct. 925, 928 n. 8, 90 L.Ed 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp*, 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354. The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against her former

employer. During the litigation and settlement of this action, Plaintiff was represented by experienced counsel.

The Parties agree that the instant action involves several disputed issues, including substantive disputes over the applicability of the FLSA to Defendant, whether Plaintiff's job duties rendered her exempt from the overtime pay requirements of the FLSA, the number of hours worked by Plaintiff, whether the termination of Plaintiff's employment was motivated by retaliation for protected conduct, and the proper measure of damages for Plaintiff's various claims. The Parties further agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. Both Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

The Settlement Agreement is attached for the Court's review and is marked as Exhibit A.

Accordingly, the Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action with prejudice.

Respectfully submitted this 13th day of February, 2017.

/s/ Adian Miller
Adian Miller
Georgia Bar No. 794647
MORGAN & MORGAN
191 Peachtree Street NE
Suite 4200
Atlanta, GA  30312
phone:  404.965.8811
Email: armiller@forthepeople.com

*Attorney for Plaintiff, Denise Booker*

/s/ R. Daniel Beale
R. Daniel Beale
Georgia Bar No. 043880
Jibran S. Shermohammed
Georgia Bar No. 840775
DENTONS US LLP
303 Peachtree Street, NE, Suite 5300
Atlanta, Georgia  30308
phone:  404.527.4000
fax:  404.527.4198
Email: dan.beale@dentons.com
Email: jibran.shermohammed@dentons.com

*Attorneys for Defendant Society of St. Vincent de Paul Georgia, Inc.*

102478274\V-3

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Settlement Agreement") is entered into by and between **Denise Booker** ("Ms. Booker") and **Society of St. Vincent de Paul Georgia, Inc.**, a non-profit corporation organized under the laws of Georgia ("St. Vincent"), effective on the date of judicial approval of this settlement as described in Section 4 below (the "Effective Date").

WHEREAS, Ms. Booker was employed by St. Vincent from 2008 until April 2016; and

WHEREAS, in November 2016, Ms. Booker filed a lawsuit against St. Vincent in the U.S. District Court for the Northern District of Georgia, Civil Action No. 1:16-CV-04225-TWT (the "Lawsuit"), asserting claims under the Fair Labor Standards Act for unpaid overtime premiums, liquidated damages, damages for alleged retaliatory termination, and attorney's fees; and

WHEREAS, St. Vincent has denied and continues to deny any liability to Ms. Booker based on the claims asserted in the Lawsuit or otherwise; and

WHEREAS, as the result of a negotiated settlement, involving experienced attorneys representing each party, Ms. Booker and St. Vincent have agreed to settle and resolve all disputes and claims between them and desire to formalize the terms of their resolution in this Settlement Agreement;

THEREFORE, in consideration of the promises and agreements contained herein, Ms. Booker, and St. Vincent agree as follows:

1. <u>Payments</u>. Within fifteen (15) days following approval by the Court of this Settlement Agreement, St. Vincent shall deliver to Ms. Booker's attorney the following payments: (a) a check payable to Ms. Booker, in the gross amount of $3,000.00, representing a compromise payment for disputed claims of unpaid overtime and back pay, which shall be

102479676\V-2                     Exhibit A

treated as W-2 income to Ms. Booker and from which appropriate tax withholdings will be deducted; (b) a check payable to Ms. Booker, in the amount of $3,000.00, representing a compromise payment for disputed claims of liquidated damages and other non-wage compensatory damages, which shall be treated as non-wage income to Ms. Booker and as to which she shall receive a Form 1099; and (c) a check payable to Morgan & Morgan, P.A. in the amount of $4,000.00, representing attorney's fees and expenses and as to which a Form 1099 shall be issued. Ms. Booker is specifically aware of, and agrees with, the amount of attorney's fees and costs to be paid to her counsel for representing her interest in this matter.

2. <u>Release by Ms. Booker</u>. Except as to the promises made by St. Vincent as set forth in this Settlement Agreement, Ms. Booker, individually and on behalf of her heirs, assigns, attorneys, representatives, agents and servants, hereby releases and forever discharges St. Vincent and each of its affiliates, subsidiaries, trustees, successors, assigns, attorneys, officers, directors, representatives, agents, servants and former and current employees (collectively, "St. Vincent Parties") from any and all demands, claims, actions or causes of action, whether in law or equity, for damages of every kind, character or description, costs, expenses, attorney's fees, compensation, consequential damages, punitive damages, liquidated damages, or any other things whatsoever, whether presently known or unknown. The claims released herein specifically include any claim arising out of or relating to the employment of Ms. Booker by St. Vincent or the termination thereof, including but not limited to any claim for overtime pay, minimum wage, severance pay, wages, commissions, incentive compensation, profit sharing, vacation pay, benefits, breach of contract, employment discrimination, sexual or other types of harassment, defamation, wrongful discharge, tortious interference with contract, retaliation, whistleblowing, or any claim arising under the Fair Labor Standards Act, Title VII of

102479676\V-2

the Civil Rights Act of 1964, the civil rights statute codified at 42 U.S.C. §1981, the Americans with Disabilities Act, the Family and Medical Leave Act, the Uniformed Services Employment and Reemployment Rights Act, the Worker Adjustment and Retraining Notification Act, the Employee Polygraph Protection Act, the Genetic Information Nondiscrimination Act, the Lilly Ledbetter Fair Pay Act, the National Labor Relations Act, the Employee Retirement Income Security Act, or any other federal, state or local law regarding compensation, employment discrimination or harassment. This release further includes any claims for attorney's fees or other expenses of litigation. The foregoing release does not release (a) claims that arise after the Effective Date of this Settlement Agreement, or (b) claims that cannot lawfully be released, including any claims for workers' compensation insurance benefits (assuming Ms. Booker otherwise qualifies for such benefits).

3.  Court Approval of Settlement and Dismissal of Lawsuit. Within five (5) business days after both parties have executed this Settlement Agreement, counsel for the parties shall file a joint motion for approval of this Settlement Agreement and for dismissal with prejudice of the Lawsuit, with each party to bear its or his own costs. This Settlement Agreement is contingent upon Court approval. The parties agree to take all steps as may be reasonably necessary to secure approval of this Settlement Agreement, and shall not take any action adverse to each other in obtaining Court approval. Ms. Booker understands and agrees that this Settlement Agreement, including St. Vincent's obligation to make payments to Ms. Booker pursuant to paragraph 1, is contingent upon the Court's approval of this Settlement Agreement and the dismissal with prejudice.

4.  Representations of the Parties. Ms. Booker and St. Vincent each represent and warrant that:

(a) It or she has the power and is duly authorized to enter into this Settlement Agreement with regard to all matters described herein upon the terms herein set forth, and the person executing this Settlement Agreement is the authorized agent for purposes of executing this Settlement Agreement;

(b) The execution of this Settlement Agreement does not put any party hereto in violation of any agreements to which it or she is a party;

(c) This Settlement Agreement constitutes a legal, valid and binding obligation enforceable in accordance with the terms hereof;

(d) Each party hereto is the owner of any and all claims and rights asserted or that could have been asserted against the other parties hereto; each party has not assigned and will not assign any of that party's rights against the other parties hereto; and no party or other person or entity is now or will be subrogated to any rights which each party hereto has or may have had against the other party hereto;

(e) Other than the Lawsuit, no litigation, arbitration, EEOC charge, or other proceeding has been filed or is pending by or on behalf of Ms. Booker against St. Vincent;

(f) Ms. Booker has been advised to consult an attorney prior to entering into this Settlement Agreement, and Ms. Booker in fact has consulted with her attorney with respect to this Settlement Agreement.

5. <u>No Admission of Liability</u>. By entering into this Settlement Agreement, no party admits liability to the other party for violation of any law or breach of any agreement or duty. St. Vincent specifically denies any violation of any statute or other law with respect to Ms. Booker, and has agreed to this Settlement Agreement solely to avoid the continued risk, distraction and expense of continued litigation.

6. <u>No Interference with Right to File Charge or Participate in Investigation</u>. Nothing in this Settlement Agreement shall interfere with Ms. Booker's right to file a charge with or to cooperate or participate in an investigation or administrative proceeding conducted by any federal, state, or local regulatory or law enforcement agency to the extent such rights are protected by law. However, the consideration provided to Ms. Booker in this Settlement Agreement will be the sole relief provided to Ms. Booker for the claims released herein, and Ms. Booker will not be entitled to recover, and agrees to waive, any monetary benefits or recovery against St. Vincent in connection with any such claim, charge, or proceeding, without regard to who has brought such complaint or charge.

7. <u>Payment of Applicable Taxes</u>. St. Vincent shall withhold legally required payroll taxes from the payments referenced in paragraph 2 of this Settlement Agreement. Ms. Booker is and shall be solely responsible for all additional federal, state, and local taxes that may be owed by her by virtue of the receipt of any portion of the monetary payment provided under this Settlement Agreement. Ms. Booker agrees to indemnify and hold St. Vincent harmless for any tax obligations that it may incur arising out of any failure by Ms. Booker to properly report and pay taxes on the payments made pursuant to paragraph 2 of this Settlement Agreement.

8. <u>Governing Law</u>. This Settlement Agreement shall be construed in accordance with, and governed by, the laws of the State of Georgia.

9. <u>Entire Agreement</u>. This Settlement Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior agreements, representations or understandings between the parties hereto pertaining to the subject matter hereof.

102479676\V-2

10. <u>No Reliance</u>. Each party hereto represents and acknowledges that, in executing this Settlement Agreement, the party has not relied upon any representation or statement by the other party or the other party's counsel not set forth herein.

11. <u>Counterpart Signatures</u>. This Settlement Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same agreement. Photographic and facsimiled copies of such signed counterparts may be used in lieu of the originals for any purpose.

WITNESS the execution of this Settlement Agreement effective as of the Effective Date:

_____
DENISE BOOKER

2/10/17
Date of Signature

SOCIETY OF ST. VINCENT DE PAUL GEORGIA, INC.

By: _____
John Berry
Chief Executive Officer

2-13-17
Date of Signature

- 6 -

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DENISE BOOKER<br>　　　　Plaintiff,<br><br>vs.<br><br>ST. VINCENT DE PAUL GEORGIA,<br>　　　　Defendant. | Civil Action File<br>No.:1:16-CV-04225-TWT |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2017, I electronically filed the foregoing **JOINT MOTION TO APPROVE FLSA SETTLEMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Adian Miller
> Georgia Bar No. 794647
> MORGAN & MORGAN
> 191 Peachtree Street NE
> Suite 4200
> Atlanta, GA 30312
> phone: 404.965.8811
> Email: armiller@forthepeople.com

*Attorney for Plaintiff, Denise Booker*

102478274\V-3

This 13th day of February, 2017.

                                              */s/R. Daniel Beale*
                                              R. Daniel Beale
                                              Georgia Bar No. 043880
                                              Email: danbeale@dentons.com

DENTONS US LLP
303 Peachtree Street, NE, Suite 5300
Atlanta, Georgia 30308
phone:  404.527.4000
fax:  404.527.4198

                                       *Attorneys for Defendant, Society of*
                                          *St. Vincent de Paul Georgia, Inc.*